UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re
Thomas M. Kirchen and
Renee M. Kirchen,
      Debtors.

Case No. 04-29434-svk
Chapter 7

**Memorandum Decision and Order on
Trustee's Objection to Debtors' Claim of Exemptions**

      This case involves an issue of apparent first impression in Wisconsin: whether an inherited individual retirement account may be claimed exempt under Wis. Stat. § 815.18(3)(j). The facts behind this interesting legal issue are undisputed. Ruth Kirchen established an individual retirement account (IRA) on August 22, 1996, designating her son, Thomas Kirchen, as the sole primary beneficiary. Pursuant to the IRA agreement, upon Ruth Kirchen's death, the remaining funds in the account would be distributed to her beneficiary at an annual rate based upon his life expectancy.

      Thomas Kirchen (hereinafter, the "Debtor") and his wife filed a joint chapter 7 petition on June 24, 2004. Ruth Kirchen died at age 73 in September 2004, and as a result, the Debtor inherited cash, accounts and insurance proceeds. As the sole primary beneficiary of his mother's IRA, the Debtor also succeeded to an interest in the funds remaining in the IRA, which totaled $283,892.90. Pursuant to Bankruptcy Code § 541(a)(5), which gathers into the bankruptcy estate property inherited within 180 days after the bankruptcy petition, the Debtor disclosed the inheritance to the chapter 7 trustee. The Trustee has taken possession of the non-IRA assets, but the Debtors have amended their exemptions and claimed the IRA interest exempt under Wis. Stat. § 815.18(3)(j). The Trustee timely filed an Objection to the Debtor's exemption of the IRA.

      A hearing was held on the Trustee's Objection, and both parties submitted briefs in support of their argument. Citing cases from other jurisdictions with similar statutes, the Trustee asserts that the Debtor's interest in the IRA is not exempt because the asset is no longer an IRA. The Debtor counters that Wisconsin's retirement account exemption provision is sufficiently broad to include the type of beneficiary interest the Debtor has in his mother's IRA. The Debtor urges a plain reading of the statute and cites Wisconsin cases that support a debtor-friendly application of exemption laws. After considering the provisions of the IRA Agreement and the well-argued positions of the parties, this Memorandum Decision constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

      The Trustee cites several cases from other jurisdictions illustrating a trend against allowing debtors to exempt IRAs that are not funded by the debtor. *E.g., In re Sims*, 241 B.R. 467 (Bankr. N.D. Okla. 1999); *In re Navarre*, 332 B.R. 24 (Bankr. M.D. Ala. 2004); *In re Greenfield*, 289 B.R. 146 (Bankr. S.D. Cal. 2003); *Anderson v. Seaver (In re Anderson)*, 269

B.R. 27 (B.A.P. 8th Cir. 2001); *In re Stover*, 332 B.R. 400 (Bankr. W.D. Mo. 2005); *see also In re Taylor*, 2006 WL 1275400 (Bankr. C.D. Ill.). *Sims*, *Navarre*, *Greenfield*, and *Taylor* all concerned debtors who attempted to exempt their interest in an inherited IRA; in those cases, the debtors obtained their interest in IRA proceeds through the death of someone else. In each case, the courts denied the debtors' exemptions. The retirement accounts in *Anderson* and *Stover* were denied exempt status because the accounts were obtained by means other than through employment; in *Anderson*, the debtor gained an interest in the IRA through a marriage dissolution settlement, 269 B.R. at 30, and in *Stover*, the annuity was purchased with the proceeds of a wrongful death settlement, 332 B.R. at 401. Each of the debtors in these six cases claimed their respective state exemptions, and as a result, all of the courts relied on the specific language of the applicable exemption statute. Although important in illustrating the reluctance of bankruptcy courts to allow exemptions of non-debtor funded IRAs, these cases shed little light on the appropriate interpretation of Wisconsin's statutory language. The various state exemption statutes differ slightly from each other, and in turn, differ from the Wisconsin statute. The analysis must necessarily turn on an examination of the language found in the Wisconsin exemption statute, and the crux of the Debtor's argument that the inherited IRA qualifies under that statute.

> The Debtor has invoked Wis. Stat. § 815.18(3)(j), which provides in pertinent part:
>
> (3) EXEMPT PROPERTY. The debtor's interest in or right to receive the following property is exempt . . .
>
> (j) *Retirement benefits*. 1. Assets held or amounts payable under any retirement, pension, disability, death benefit, stock bonus, profit sharing plan, annuity, individual retirement account, individual retirement annuity, Keogh, 401-K or similar plan or contract providing benefits by reason of age, illness, disability, death or length of service and payments made to the debtor therefrom.
>
>     2. The plan or contract must meet one of the following requirements:[1]
>
>     a. The plan or contract complies with the provisions of the internal revenue code . . . .

To succeed under § 815.18(3)(j), the Debtor must have (1) an interest in some type of retirement account; (2) providing benefits by reason of age, illness, disability, death or length of service; that (3) complies with the provisions of the Internal Revenue Code. The Debtor argues that the statute is broad enough to cover his inherited IRA, and he supports his argument with a trio of decisions from the Bankruptcy Court for the Western District of Wisconsin.

---

[1] The other requirement in Wis. Stat. § 815.18(3)(j)(2) is not relevant to this discussion because the IRA was not employer-created.

First, the Debtor relies on *In re Staniforth*, 116 B.R. 127 (Bankr. W.D. Wis. 1990), for a definition of "IRA." *Staniforth* was decided shortly before the Wisconsin legislature amended the exemption provisions of § 815.18 to specifically include IRAs, and involved a debtor who tried to exempt an IRA as an employee retirement benefit under the prior statute. As part of the analysis, the court defined an IRA as a "trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries." *Id.* at 131 (quoting 26 U.S.C. § 408(a)). Since the inherited IRA here was created for the Debtor's mother or the Debtor as her beneficiary, the Debtor's IRA meets the first requirement for exempt status.

Whether a debtor's right to payment from an IRA is "on account of age" was answered last year by the Supreme Court. *Rousey v. Jacoway*, 544 U.S. 320 (2005). In that case, the chapter 7 trustee, Jacoway, objected to the Rouseys' exemption of an IRA under Bankruptcy Code § 522(d)(10)(e), which allows a debtor to exempt "a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service . . . ." The "on account of age" language is identical to that found in Wis. Stat. § 815.18(3)(j). The Supreme Court held that the Rouseys' IRA did provide payment on account of age because of the strong incentive against withdrawal of the IRA funds before the Rouseys reached a certain age:

> The statutes governing IRAs persuade us that the Rouseys' right to payment from IRAs is causally connected to their age. Their right to receive payment of the entire balance is not in dispute. Because their accounts qualify as IRAs under 26 U.S.C. § 408(a), the Rouseys have a nonforfeitable right to the balance held in those accounts, § 408(a)(4). That right is restricted by a 10 percent tax penalty that applies to withdrawals from IRAs made before the accountholder turns 59 1/2. Contrary to Jacoway's contention, this tax penalty is substantial. The deterrent to early withdrawal it creates suggests that Congress designed it to preclude early access to IRAs. The low rates of early withdrawals are consistent with the notion that this penalty substantially deters early withdrawals from such accounts. Because the 10 percent penalty applies proportionally to any amounts withdrawn, it prevents access to the 10 percent that the Rouseys would forfeit should they withdraw early, and thus it effectively prevents access to the entire balance in their IRAs. It therefore limits the Rouseys' right to "payment" of the balance of their IRAs. And because this condition is removed when the accountholder turns age 59 1/2, the Rouseys' right to the balance of their IRAs is a right to payment "on account of" age.

544 U.S. at 327-329 (citations omitted) (footnotes omitted).

In *Rousey*, the Court focused on the condition that the debtors reach the age of 59 1/2 before they could receive distributions from their IRAs without penalty. Here, the Debtor is required to begin receiving distributions beginning with the calendar year following the date of

3

his mother's death.[2] The contrast between being penalized for receiving distributions until reaching a certain age and being required to begin taking distributions without regard to age means that the right to payments under an inherited IRA are not on account of age.

Since the Debtor's inherited IRA is providing immediate required distributions unrelated to the Debtor's age, and since none of the other factors (illness, disability, length of service) apply, the IRA does not qualify for the Wisconsin exemption. For the same reason, the inherited IRA does not "comply with the provisions of the internal revenue code" as required by § 815.18(j). To show that the inherited IRA complies, the Debtor cites *In re Farmer*, 295 B.R. 322 (Bankr. W.D. Wis. 2003), in which a debtor tried to exempt her interest in an ERISA-qualified retirement plan obtained in the debtor's divorce by virtue of a Qualified Domestic Relations Order (QDRO). The court first determined that the account was excluded from the debtor's bankruptcy estate under Bankruptcy Code § 541(c)(2), because ERISA's anti-alienation prohibitions transferred to the debtor vis-a-vis the QDRO. *Id.* at 324. The court went on to find that even if the account were considered part of the debtor's estate, the debtor could properly exempt it under Wis. Stat. § 815.18(3)(j), because this provision protects retirement accounts in Wisconsin without "plac[ing] a restriction on the source of the funds." *Id.* at 325. The *Farmer* trustee argued that the debtor could not use the retirement exemption because she had not earned the funds herself; the court rejected this argument based on the plain language of the statute. *Id.* Although furnishing important guidance as to one aspect of the statute, *Farmer* fails to address the meaning of the requirement that the plan "compl[y] with the provisions of the internal revenue code."

In that regard, the Debtor's citation to *In re Bruski*, 226 B.R. 422 (Bankr. W.D. Wis. 1998), is a bit more on point. In *Bruski* the debtor claimed as exempt a Flexible Premium Retirement Annuity purchased on the eve of bankruptcy. The trustee objected, asserting that not only was the Annuity required to qualify for tax-deferred status under § 72 of the Internal Revenue Code, but it also had to meet the requirements of §§ 401-409, dealing with retirement plans. *Id.* at 423. The court examined the requirement of Wis. Stat. § 815.18(3)(j) that the annuity "complies with the provisions of the internal revenue code" and held: "It is not whether the annuity is taxable in accordance with the code, but whether the tax is deferred in accordance with the code. If so, the annuity qualifies for the exemption." *Id.* at 424. Accordingly, in order to exempt an annuity under Wis. Stat. § 815.18(3)(j), the annuity must qualify for tax-deferred status under the Internal Revenue Code. *Id.*; *see also In re Bogue*, 240 B.R. 742 (Bankr. E.D. Wis. 1999); *In re Vangen*, 334 B.R. 241, 244 (Bankr. W.D. Wis. 2005). *Bruski*'s annuity met this requirement, and the court allowed the exemption. *Bruski*, 226 B.R. at 426.

---

[2] According to Section 6.5(a) of the Edward Jones Self-Directed Traditional IRA Custodial Agreement, if the account owner dies after age 70 1/2, and the beneficiary is not the spouse of the account owner, the remaining balance of the IRA "will be distributed at least as rapidly" as annual distributions based on the beneficiary's life expectancy calculated pursuant to IRS tables.

4

The Debtor points out that the funds in the Debtor's inherited IRA grow tax deferred as did the funds in Bruski's annuity. However, compliance with the Internal Revenue Code means more than simply allowing a taxpayer to delay the payment of taxes on investment income until a distribution is taken. Compliance with the Internal Revenue Code in the context of § 815.18(j) entitled "Retirement Benefits" requires compliance in the context of retirement. To determine whether an IRA complies with the Internal Revenue Code in this context, one must consult the Internal Revenue Code, specifically 26 U.S.C. § 408. Section 408(a) defines IRA, and provides several requirements for IRAs to qualify for special tax treatment. If an account does not satisfy each of these requirements, it will not qualify or comply with the Internal Revenue Code. Even if the account does satisfy all of the requirements, § 408(d)(3)(C) provides an exception for "inherited IRAs" that are not inherited by a surviving spouse. Entitled "Denial of rollover treatment for inherited accounts, etc." this provision changes the tax treatment for inherited IRAs and prevents rollover treatment of the funds:

>    (C) Denial of rollover treatment for inherited accounts, etc.
>
>    (I) In general. In the case of an inherited individual retirement account or individual retirement annuity--
>
>    (I) this paragraph shall not apply to any amount received by an individual from such an account or annuity (and no amount transferred from such account or annuity to another individual retirement account or annuity shall be excluded from gross income by reason of such transfer), and
>
>    (II) such inherited account or annuity shall not be treated as an individual retirement account or annuity for purposes of determining whether any other amount is a rollover contribution.

26 U.S.C. § 408(d)(3)(C). This Tax Code provision is explained in *Sims*,

>    Once classified as an "inherited individual retirement account," the Internal Revenue Code places an entirely different set of rules upon the use, distribution and taxation of the funds in the individual retirement account. Once the account has been "inherited," the beneficiary may make no contributions to the account, nor may he or she "roll over" the inherited individual retirement account into another retirement plan. He or she is required to take distributions from the account over a relatively limited period of time, in most cases five years. Upon receipt, those distributions are fully taxable.

241 B.R. at 468 (citations omitted).³ In *Sims*, a debtor claimed an exemption in an inherited IRA under Oklahoma's exemption statute. Because the Oklahoma statute explicitly required tax-exempt status, the inherited IRA did not qualify, and the court denied the exemption. *Id.*

The *Taylor* court denied an exemption in an inherited IRA for the very same reason. *See Taylor*, 2006 WL 1275400, at *2. The court first noted that, under Illinois law, the Tax Code's treatment of an IRA is the determining factor as to whether or not funds will be exempt. *Id.* "For exemption purposes, inherited IRAs are not treated the same as IRAs having funds which the Debtor contributed to." *Id.* This different tax treatment led the *Taylor* court to deny the debtor's claimed exemption. *Id.*

After a detailed dissection of Alabama's exemption statute, the *Navarre* court reached an identical result. There, a debtor attempted to claim an exemption in his beneficial interest in an IRA inherited from his mother. *Navarre*, 332 B.R. at 25. The court's interpretation of Alabama's exemption statute was that IRAs, as defined by the Tax Code, are exempt. *Id.* at 30. The court then noted:

> The question becomes whether an inherited IRA is equivalent to an IRA for purposes of determining whether it is exempt from the bankrupt estate. Examination of the Internal Revenue Code would suggest that it is not because the tax code treats an inherited interest different than an IRA. *See*, 26 U.S.C. § 408(d)(3)(C) (which distinguishes "inherited individual retirement accounts" from "individual retirement accounts.") For this reason, an "inherited individual retirement account" does not fit within the definitional scope of § 19-3-1 and therefore, it is not exempt from the bankrupt estate.

*Id.*

Here, upon the death of the Debtor's mother, the nature of the IRA changed. What was previously maintained to provide tax-deferred income during the mother's retirement years had transformed into a source of immediately payable income to the Debtor, regardless of his age or retirement status. The IRA Account Agreement and applicable law require the Debtor to receive certain minimum distributions, even though the Debtor has not reached retirement age. As a result of this change, the Tax Code no longer afforded the account preferential tax treatment. Absent tax-deferred treatment connected to age or retirement, the inherited IRA is not a "Retirement Benefit" that "complies" with the Internal Revenue Code as required by Wis. Stat. § 815.18(3)(j). Since the funds in the account are not payable on account of the Debtor's age, and the inherited IRA fails to comply with the Internal Revenue Code provisions for retirement accounts, the Debtor's inherited IRA is not exempt under Wisconsin law.

---

³ *Sims*' reference to a five-year limit on distributions is apparently to IRAs in which the account owner dies prior to her required beginning distribution date.

For these reasons,

IT IS ORDERED: that the Trustee's Objection to Debtors' Claim of Exemptions is sustained, and the Debtor may not claim his interest in the inherited IRA exempt under Wis. Stat. § 815.18(3)(j).

Dated: July 7, 2006

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge

7